UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| PAUL HEFFERNAN AND JEROME P. BROWN, AS TRUSTEES OF THE NEW ENGLAND HEALTH CARE EMPLOYEES WELFARE FUND and the NEW ENGLAND HEALTH CARE EMPLOYEES PENSION FUND and ALMENA THOMPSON, as Trustee of the NEW ENGLAND HEALTH CARE EMPLOYEES UNION, DISTRICT 1199 & THE CONNECTICUT NURSING HOMES UPGRADING FUND, | : : : : : : : : : : | CIVIL ACTION NO.: 3:02CV1025(DJS) |
| Plaintiffs | : | |
| V. | : : | |
| iCARE MANAGEMENT, LLC, CHELSEA PLACE CARE CENTER, LLC, TRINITY HILL CARE CENTER, LLC, and WINTONBURY CARE CENTER, LLC, | : : : : | |
| Defendants | : | MARCH 2, 2005 |

### DEFENDANTS' MOTION FOR CLARIFICATION AND/OR RECONSIDERATION IN PART

By Memorandum of Decision dated February 15, 2005, this Court granted in part and denied in part the plaintiffs' motion for partial summary judgment. Pursuant to Local Rule 7(e), the defendants hereby seek clarification and/or reconsideration of two specific issues addressed in

**ORAL ARGUMENT REQUESTED**

the Memorandum of Decision. A Memorandum of Law is filed herewith, pursuant to Local Rule 7(c)1.

>                    DEFENDANTS,
>                    iCARE MANAGEMENT, LLC,
>                    CHELSEA PLACE CARE CENTER, LLC,
>                    TRINITY HILL CARE CENTER, LLC, and
>                    WINTONBURY CARE CENTER, LLC
>
>
>                    By  *[signature]*
>                    Jonathan M. Starble [ct15825]
>                    Attorney at Law
>                    1191 Farmington Avenue
>                    West Hartford, CT 06107
>                    Tel.: (860) 561-8881
>                    Fax: (860) 561-8882
>                    E-mail: starble@sbcglobal.net

## CERTIFICATION

I hereby certify that a copy of the foregoing Defendants' Motion for Clarification and/or Reconsideration in Part has been served via first-class mail, postage prepaid, this 2nd day of March, 2005, to all counsel of record as follows:

Michael E. Passero, Esq.
Law Firm of John M. Creane
92 Cherry Street
P.O. Box 170
Milford, CT 06460

                                                                   Jonathan M. Starble

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| PAUL HEFFERNAN AND JEROME P. BROWN, AS TRUSTEES OF THE NEW ENGLAND HEALTH CARE EMPLOYEES WELFARE FUND and the NEW ENGLAND HEALTH CARE EMPLOYEES PENSION FUND and ALMENA THOMPSON, as Trustee of the NEW ENGLAND HEALTH CARE EMPLOYEES UNION, DISTRICT 1199 & THE CONNECTICUT NURSING HOMES UPGRADING FUND, <br><br> Plaintiffs <br><br> V. <br><br> iCARE MANAGEMENT, LLC, CHELSEA PLACE CARE CENTER, LLC, TRINITY HILL CARE CENTER, LLC, and WINTONBURY CARE CENTER, LLC, <br><br> Defendants | CIVIL ACTION NO.: 3:02CV1025(DJS) <br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br> MARCH 2, 2005 |

### DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION FOR CLARIFICATION AND/OR RECONSIDERATION IN PART

By Memorandum of Decision dated February 15, 2005 (the "Decision"), this Court granted in part and denied in part the plaintiffs' motion for partial summary judgment. Pursuant to Local Rule 7(c), the defendants hereby seek clarification and/or reconsideration of two specific issues

addressed in the Decision: (1) estoppel (Section II.A.4 of the Decision); and (2) direct liability of defendant iCare Management, LLC, a management agent (Section II.A.2 of the Decision).

I.      **Estoppel**

Section II.A.4 of the Decision addresses the issue of whether some or all of the plaintiffs' claims may be precluded under the theory of equitable estoppel. The defendants seek clarification as to whether this aspect of the Decision should be construed as either: (a) a finding that the defendants' estoppel claim does not *per se* defeat the plaintiffs' claims, thus leaving the issue of estoppel as a factual matter to be determined at trial; or (b) a *per se* rejection of the defendants' estoppel theory, thereby precluding the defendants from presenting any evidence of estoppel at trial. To the extent that the latter was the Court's intent, the defendants seek reconsideration for the following reasons: (1) such a holding would be inconsistent with the applicable procedural standard, since it was the *plaintiffs* who filed the motion for partial summary judgment and the defendants have created an issue of material fact as to estoppel; and (2) the Decision articulates the correct legal standard for estoppel, but then expressly relies on a factual issue that is not an element of the acknowledged standard – namely, whether the plaintiffs had an "intent to deceive the Employers or induce the Employers into acting."

A.  The Relevant Portion of the Decision

Section II.A.4 (pages 25-28) of the Decision addresses the defendants' argument that the plaintiffs should be precluded from recovering on some or all of their claims by virtue of estoppel. On page 25, the Court points out that estoppel is neither a claim nor a defense, but rather a judicial remedy that may work to prevent recovery in certain situations. On page 26, the Court then sets forth the applicable substantive elements of estoppel. On page 27, the Decision concludes that "Plaintiff[s] are not, as a matter of law, precluded by way of equitable estoppel from bringing these claims." This conclusion, however, is expressly based on the Court's observation that the defendants "have not offered any evidence that the Funds performed these actions with an *intent to deceive* the Employers or induce the Employers into acting." Page 27 (emphasis added). The Court then closes its discussion of the issue by stating that "the Employer cannot prove a defense of estoppel."

B.  Even if the defendants' theory of estoppel does not defeat the plaintiffs' claims as a matter of law, the defendants should be allowed to present evidence of estoppel at trial.

Since, as observed by this Court on page 25 of the Decision, estoppel is "neither a claim nor a defense," but rather a "judicial remedy," the defendants therefore do not bear the burden of proof on this issue. Rather, the plaintiffs must affirmatively overcome the application of this judicial remedy in order to obtain ultimate recovery. But even if that were not the case, the

3

defendants' burden on summary judgment would only be to raise a genuine issue of material fact, *not* to affirmatively prove that the plaintiffs' claims are precluded as a matter of law. Accordingly, the defendants seek clarification that although the defendants' theory of estoppel does not preclude the plaintiffs from going to trial, the defendants will nevertheless be permitted to offer evidence of estoppel so that the Court can make a factual determination of the issue. A contrary interpretation of the Decision would be inconsistent with the procedural standard of summary judgment, as set forth on page 12 of the Decision.

It should also be noted that allowing testimony and other evidence of estoppel is not likely to create a significant increase in trial time, since the Court has already ruled that evidence relating to the negotiation of the 1999 and 2001 collective bargaining agreements (the "CBAs") will be required at trial in connection with the two major issues in the case – the "20-hour" issue and the "cap" issue. Furthermore, under Federal Rule 54(b), the Decision is not a final judgment, and it is therefore "subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." Accordingly, permitting evidence of estoppel will not be prejudicial to the plaintiffs, because the Court's conclusion on this issue is already subject to revision after trial.

4

C.    <u>As acknowledged in the Decision, "intent to deceive" is not an element of estoppel.</u>

To the extent that this Court's intent was to preclude the defendants – as a matter of law – from presenting any evidence of estoppel at trial, the defendants respectfully request reconsideration because the Court erroneously considered "intent to deceive" as an element of estoppel. As stated on page 26 of the Decision, the elements of estoppel are as follows:

> First, the actor, who usually must have knowledge, notice or suspicion of the true facts, communicates something to another in a misleading way, either by words, conduct, or silence. Second, the other in fact relies, and relies reasonably or justifiably, upon that communication. And third, the other would be harmed materially if the actor is later permitted to assert any claim inconsistent with his earlier conduct.

(quoting Dan B. Dobbs, <u>Law of Remedies</u> § 2.3(5) at 85 (2d ed. 1993)).

As is clear from the above passage, an application of estoppel is not based on the subjective intent of the plaintiffs, but rather on the plaintiffs' objective conduct and the resulting reliance by the defendants. The question on summary judgment, therefore, is not whether the defendants have affirmatively proven a subjective "intent to deceive" by the plaintiffs, but rather whether the defendants have simply raised a genuine factual issue as to each of the three elements listed above. To this end, the defendants have made a sufficient showing that the Funds were on "notice" of the "true facts" – i.e., they certainly knew, or should have known, what the CBAs said and how the employers' contributions had consistently been calculated thereunder. In addition, the defendants have shown in their affidavits – and the plaintiffs have not disputed this – that for

5

several years the plaintiffs were, at the very least, "silent" in the face of such notice; and that such silence, combined with the plaintiffs' affirmative reassurances of no known delinquencies in December 1999, "misled" the defendants, at least insofar as the negotiation of the 2001 CBA is concerned.

As to the second element of estoppel, the defendants have sufficiently raised factual issues – namely, that they reasonably and justifiably relied on the belief that contributions were being properly calculated and that they could enter into the 1999 and 2001 CBAs without concern of a potentially multimillion-dollar liability surfacing without warning.

Finally, as to the third element, it goes without saying that the defendants will be "materially harmed" if the plaintiffs are "permitted to assert any claim inconsistent with [their] earlier conduct." Indeed, the plaintiffs are seeking a windfall in the form of contributions that clearly were neither bargained for nor planned for financially.

The defendants believe it is quite a suspicious coincidence that the plaintiffs' audit of the 20-hour issue was commenced immediately after the signing of the 2001 CBA. And the defendants also believe it is quite curious that the cap issue was not raised until after the defendants objected to the plaintiffs' claim for delinquency on the 20-hour issue. But although the defendants believe the plaintiffs may have in fact possessed an actual intent to deceive (again, the plaintiffs have not submitted any affidavits to refute this), the possibility of such actual intent does

6

not therefore heighten the defendants' legal burden. Indeed, estoppel does not require a showing of bad intent, regardless of whether the defendants actually bear the burden of proof on the issue of estoppel in general. Accordingly, the defendants respectfully request that the Court reconsider its estoppel analysis in light of the three substantive elements adopted by the Court on page 26 of the Decision.

II.    **iCare Management, LLC as "Employer"**

As acknowledged by this Court in Section II.A.2 (page 14) of the Decision, the 2001 CBA does not define the term "Employer." The Court suggests that because of this omission, the defendants have argued that there is *no* entity that can be held liable for any delinquent contribution to the Funds. Respectfully, the defendants have never made this argument. Rather, the defendants have argued – and it cannot be disputed – that the *plain language* of the 2001 CBA does not define "Employer," thus requiring extrinsic evidence of intent. The point is that the 2001 CBA is unfortunately ambiguous in several respects (as held by this Court on the two central issues); and the plaintiffs' stubborn refusal to present extrinsic evidence therefore precludes summary judgment on even the most basic issue – i.e., the identity of the employers and their liability for specific claims.

Obviously, the defendants recognize that the 2001 CBA creates a legal responsibility on the part of certain entities – namely, Chelsea Place Care Center, LLC, Trinity Hill Care Center,

7

LLC, and Wintonbury Care Center, LLC. This was clearly the intent of the parties, and there is no question that such intent could easily be proven at trial. But the remaining defendant, iCare Management, LLC ("iCare"), is a mere management agent for the three employers, and there is absolutely no basis for finding iCare independently liable to the Funds. Indeed, iCare does not employ *any* Union members, nor have the plaintiffs made any attempt to show how iCare would be legally liable for the alleged delinquencies of iCare's clients. As found by the Court, iCare clearly executed the 2001 CBA "on behalf of" the other entities. Thus, despite other ambiguities in the 2001 CBA, it is clear that iCare was acting solely in an agency capacity for the three employers. At best, from the plaintiffs' perspective, the issue is one for trial. But to hold that iCare, a non-employer agent, is liable *as a matter of law*, without any textual support in the CBA, would be inequitable. The defendants respectfully seek clarification as to whether this was the Court's intent. To the extent that it *was* the Court's intent, the defendants respectfully seek reconsideration.

8

DEFENDANTS,
iCARE MANAGEMENT, LLC,
CHELSEA PLACE CARE CENTER, LLC,
TRINITY HILL CARE CENTER, LLC, and
WINTONBURY CARE CENTER, LLC


By *(signature)*
Jonathan M. Starble [ct15825]
Attorney at Law
1191 Farmington Avenue
West Hartford, CT 06107
Tel.: (860) 561-8881
Fax: (860) 561-8882
E-mail: starble@sbcglobal.net

## CERTIFICATION

I hereby certify that a copy of the foregoing Defendants' Memorandum in Support of Motion for Clarification and/or Reconsideration in Part has been served via first-class mail, postage prepaid, this 2nd day of March, 2005, to all counsel of record as follows:

Michael E. Passero, Esq.
Law Firm of John M. Creane
92 Cherry Street
P.O. Box 170
Milford, CT  06460

                                                          Jonathan M. Starble