UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| PAUL HEFFERNAN ET AL.<br>        Plaintiffs,<br><br>    v.<br><br>ICARE MANAGEMENT, LLC, ET AL<br>        Defendants. | CIVIL ACTION NO.<br>3:02CV1025 (DJS)<br><br><br><br>March 21, 2005 |

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS'
MOTION FOR CLARIFICATION AND/OR RECONSIDERATION IN PART**

This Memorandum of Law is filed in opposition to defendants' Motion for Clarification And/or Reconsideration in Part dated March 2, 2005. Defendants ask the court to (1) either clarify or reconsider its ruling in Section II.A.4 of its February 15, 2005 Memorandum of Decision [DK# 62] addressing defendants' estoppel argument and (2) to reconsider its ruling in Section II.A.2 of its Decision addressing defendants' claim that none of the named defendants can be held liable as "employers" within the meaning of ERISA.

(1)    ESTOPPEL CLAIM

The Court's February 15, 2005 Memorandum of Decision explicitly rejects defendants' estoppel claim and no clarification is required:

> "Plaintiffs are not, as a matter of law, precluded by way of equitable estoppel from bringing their claims to recover delinquent contributions from the Employers because the Employers cannot prove that the Funds had "[]knowledge, notice or suspicion of the true facts" when they stated that they knew of no delinquencies as of December 23, 1999 and when the 2001 CBA was executed."

Also, contrary to defendants' arguments, the Court's ruling rejecting defendants' estoppel argument is consistent with the standard for granting summary judgment. In ruling that equitable

estoppel does not preclude plaintiffs' claims, "as a matter of law," the Court correctly recognized that defendants' estoppel argument raises no "genuine issue," based on the evidence before the Court, and that a trier of fact could not return a verdict in defendants' favor precluding plaintiffs' claims based on estoppel.  The Court's ruling is consistent with the purpose of summary judgment which is to isolate, and then terminate, claims and defenses that are factually unsupported.  Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986).

The Court's ruling expressly rejects defendants' claim to "have created an issue of material fact as to estoppel."  Defendants' Memo at 2.  At pages 26-27 of the Court's slip opinion, the Court specifically addresses the "historical facts" relied upon by the defendants and ruled, as a matter of law, that those "facts" could not preclude plaintiffs claims under an estoppel theory.  "[T]he nonmoving party must come forward with enough evidence to support a jury verdict in its favor, and the motion will not be defeated merely upon a `metaphysical doubt' concerning the facts or on the basis or conjecture or surmise."  Bryant v. Maffucci, 923 F.2d 979, 982 (2nd Cir.1991), citing Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).   The Court's ruling properly precludes defendants' estoppel argument since it is factually unsupported based on the record before the Court.

Defendants' argument that the Court has held defendants to the wrong standard by requiring evidence that plaintiffs "intended to deceive" defendants, is pure sophistry.  The standard on estoppel adopted by the court requires, in pertinent part, that "the actor, who usually must have knowledge, notice or suspicion of the true facts, communicates something to another in a misleading way, either by words, conduct, or silence."  Defendants' quibble with the Court's

2

phrasing of this estoppel standard as requiring an "intent to deceive" is purely semantical. The Court held that,

> The Employers simply rely on these historical facts and have not offered any evidence that the Funds performed these actions with an intent to deceive the Employers or induce the Employers into acting. The historical facts themselves do not permit the inference that the Funds intended to deceive the Employers or induce the Employers to act.

Slip Opinion at pp. 27-28.  Cutting through defendants sophistry, the bottom line is that defendants' estoppel argument rests on the allegation that plaintiffs' knew about defendants' delinquency but kept quiet, thereby inducing defendants to enter into successive collective bargaining agreements (CBAs) with the union requiring contributions to the Funds.  The Court has correctly held that there is no evidence that the Fund's knew the "true facts" alleged by the defendants.

     The Court correctly applied the summary judgment standard as requiring defendants to produce at least some evidence to support their fanciful theory that plaintiffs engaged in some elaborate scheme to withhold making their delinquency claim until after the defendants had entered into successive CBAs with the Union.  Even accepting defendants' factual allegations as true for the purposes of plaintiffs' summary judgment motion, as the Court was required to do, defendants have offered insufficient facts to satisfy the elements necessary to preclude plaintiffs' claims under an estoppel theory.  Since there is no evidence that plaintiffs had knowledge of the allegedly "true facts" regarding defendants' delinquency, but mislead the defendants into believing that contributions had been calculated correctly, the Court is correct in precluding defendants from multiplying the trial in this case by raising an estoppel argument.

(2)  I<small>CARE</small> M<small>ANAGEMENT</small> LLC <small>AS</small> "E<small>MPLOYER</small>"

The question of who is an "employer" liable under Section 515 of ERISA is a legal issue for the court to decide.  Contrary to defendants' frivolous argument, defendant iCare Management's status as an "employer" within the meaning of section 3(5) of ERISA, 29 U.S.C. § 1002(5) does not depend on the definition of "employer," or lack thereof, under a collective bargaining agreement (CBA).  The undisputed facts of this case establish that defendants, including iCare Management LLC, are "employers" within the meaning of ERISA section 3(5) and therefore liable under section 515.

As noted in plaintiffs Reply to Defendants' Memorandum In Opposition To Summary Judgment [Dk# 61], it is undisputed that the 2001 collective bargaining agreement was executed by Chris S. Wright, President & CEO of defendant iCare Management, LLC "on behalf of [defendants] Chelsea Place Care Center, LLC, Trinity Hill Care Center, LLC, and Wintonbury Care Center, LLC."  Plaintiffs' Summary Judgment Exhibit 3, p. 43.  Moreover, Defendants admit that "Chris S. Wright executed the collective bargaining agreement as an officer of iCare Management, LLC.   ICare Management, LLC executed the agreement as management agent for the other defendants."  Plaintiffs' Summary Judgment Exhibit 23, Admission 20.

Contrary to defendants' argument, "extrinsic evidence" is not required to determine which defendant is an "employer" merely because "employer" is not defined in the CBAs.  ERISA defines an "employer" as "any person acting directly as an employer, or indirectly in the interest of an employer." 29 U.S.C. §  1002(5).[1]   Thus, even accepting as true, *arguendo,*

---

[1] Section 515 requires "every <u>employer</u> who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance

4

defendant's claim that "iCare was acting solely in an agency capacity for the three employers" (Defendants' Memorandum at 8), the Court correctly resolved, on summary judgment, the <u>legal</u> issue raised by defendants of iCare's status as an "employer" under ERISA.  The Court correctly ruled that iCare Management is an "employer" "on behalf of facilities it manages:  Chelsea Place Care Center, LLC, Hartford, Connecticut, Trinity Hill Care Center, LLC, Hartford, Connecticut, and Wintonbury Care Center, LLC, Bloomfield, Connecticut."  Slip Op. 14-15.

Defendants fault the court for interpreting defendants' argument as asserting that under the CBAs no entity can be held liable for any delinquent contribution to the Funds.  Defendants now claim that they never made that argument (Defendants' Memorandum at 7), yet at page 25 of Defendants' Memorandum In Opposition To Summary Judgment [Dk# 54], Defendants claimed that "the plain language of the 1999 and 2001 Agreements does not make *any* of the defendants liable for *anything*."  (Emphasis original).  Defendants now belatedly concede that "obviously, the defendants recognize that the 2001 CBA creates a legal responsibility on the part of certain entities – namely Chelsea Place Care Center, LLC, Trinity Hill Care Center, LLC, and Wintonbury Care Center, LLC."  Defendants' Memorandum at 7-8.  Defendants' concurrent concession that "iCare was acting solely in an agency capacity for the three employers" (Defendants' Memorandum at 8), brings iCare squarely within the legal definition of "employer" under Section 3(5) of ERISA.

---

with the terms and conditions of such plan or such agreement."   29 U.S.C. §  1145 (emphasis added).

CONCLUSION

  Wherefore, for all the foregoing reasons, this court should deny defendants' Motion for Clarification And/or Reconsideration in Part.

                **PLAINTIFFS,**

Dated: <u>March 21, 2005</u>  BY: _____
               Michael E. Passero, ct11707
               John M. Creane, ct06081
               Law Firm of John M. Creane
               92 Cherry St., P.O. Box 170
               Milford, CT  06460
               (203) 878-2419 (voice)
               (203) 878-6021 (facsimile)
               michaelpassero@snet.net

## **C E R T I F I C A T I O N**

I hereby certify that a copy of the foregoing Plaintiffs' Memorandum in Opposition to Defendants' Motion for Clarification And/or Reconsideration in Part was sent by First Class Mail, postage prepaid, on March 21, 2005 to all counsel of record as follows:

Jonathan M. Starble, Esq.
1191 Farmington Ave.
West Hartford, CT 06107

Michael E. Passero