UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

PAUL HEFFERNAN ET AL.
                    Plaintiffs,

v.

ICARE MANAGEMENT, LLC, ET AL
                    Defendants.

CIVIL ACTION NO.
3:02CV1025 (AVC)


November 7, 2005

**MOTION TO SCHEDULE TRIAL DATE**

Plaintiff Taft-Hartley, multiemployer benefit funds respectfully request that the remaining two issues reserved by Judge Squatrito for trial be scheduled for trial at the court's earliest opportunity.  In support of this motion, plaintiff Funds represents that:

1.      Plaintiff Funds filed this ERISA Section 515 delinquency action more than three years ago, on June 14, 2002, seeking payment of delinquent contributions owed by defendant employers.  The approximate principal amount of the delinquency owed to plaintiff Funds at the time this action was instituted was approximately one million ($1,000,000.00) dollars, exclusive of accrued interest.   Since the employers have continued to miscalculate monthly contributions in the same manner that led to the original delinquency, the Funds estimate that the delinquent amount currently owed the Funds has underlined tripled and now exceeds three million ($3,000,000) dollars, exclusive of interest.  When the Funds required interest is added the total delinquency is well in excess of four million ($ 4,000,000.00) dollars.

2.      The majority of the defendants' original delinquency (disclosed by Fund audit) resulted from the defendants' failure to make contributions to the Funds for employees who work under

20 hours per week, thereby resulting in underreported wages and delinquent contributions to the Funds. Defendants' liability for the portion of this delinquency owed to plaintiffs Pension and Training Funds has already been adjudicated pursuant to the Court's February 15, 2005 ruling on plaintiffs' Motion For Summary Judgment [Dk # 62]. The estimated amount of defendant's delinquency to plaintiff Pension Fund now totals approximately $ 405,000.00, exclusive of accrued interest.

3.      The legal liability of Plaintiff Funds to provide health and pension benefits to defendants' employees continues during the long period of this litigation despite the employers' large and ever-increasing delinquency. Moreover, since plaintiffs are multi-employer funds, all other participating employers and their covered employees are damaged by defendants' delinquency. Taft-Hartley benefit plans must be able to rely on the contribution promises of employers. Benson v. Brower's Moving and Storage, Inc., 907 F.2d 310, 314 (2d Cir. 1989), cert. denied, 111 S.Ct. 511 (1990).

> A pension or welfare trust is a third party beneficiary of the collective bargaining agreement. It receives contributions (and makes payments) negotiated by others. The actuarial calculations that produce the contributions and payout systems are based on the supposition that the funds will receive full contributions on behalf of all employees covered.

Robbins v. Lynch, 836 F.2d 330, 333 (7th Cir. 1988).

4.      Pursuant to the Court's ruling on plaintiffs' Motion For Summary Judgment, two issues remain for trial in this case and the parties have estimated that two days are required for trial.

5.      The parties filed a Trial Memorandum on April 21, 2005 [Dk # 67].

6.      This case was reassigned on July 8, 2005 [Dk # 69].

2

WHEREFORE, plaintiffs respectfully request that this matter be scheduled for trial on the earliest possible date.

Respectfully Submitted,

**PLAINTIFFS,**

Dated: <u>November 7, 2005</u>       By: _____
                                          John M. Creane, ct06081
                                          Michael E. Passero, ct11707
                                          Law Firm of John M. Creane
                                          92 Cherry St., P.O. Box 170
                                          Milford, CT  06460
                                          (203) 878-2419 (voice)
                                          (203) 878-6021 (facsimile)
                                          michaelpassero@snet.net

3

CERTIFICATION OF SERVICE

This is to certify that the foregoing Motion To Schedule Trial Date was sent by first class mail, postage prepaid, on November 7, 2005, to all counsel of record as follows:

Jonathan M. Starble
1191 Farmington Ave.
West Hartford, CT 06107

_____

Michael E. Passero, Esq.